UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUFFALO NAVAL PARK COMMITTEE INC., <br><br> Plaintiff, <br><br> -against- <br><br> WATER QUALITY INSURANCE SYNDICATE, <br><br> Defendant. | 1:25-cv-06344 (JLR) <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Buffalo Naval Park Committee Inc. brings this action against Defendant Water Quality Insurance Syndicate, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. Section 1332, Title 28, United States Code provides for diversity jurisdiction over — as relevant here — lawsuits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Under that provision, federal courts "have diversity jurisdiction over cases between citizens of the United States and citizens of foreign states, but . . . not . . . over cases between aliens. More specifically, diversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (alterations and internal quotation marks omitted). A federal court has an independent obligation to assure itself that jurisdiction exists. *See id.* at 48. A complaint that fails to adequately allege the parties' citizenship does not properly invoke a federal court's diversity jurisdiction. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996).

      The Complaint in this case alleges that Plaintiff is a New York not-for-profit corporation with offices at One Naval Park Cove, Buffalo, New York 14202. Compl. ¶ 1. The Complaint further alleges that Defendant Water Quality Insurance Syndicate ("WQIS") is an unincorporated association of marine insurers with an office and principal place of business at 55 Broad Street, 18th Floor, New York 10004. Compl. ¶ 2. "For the purposes of diversity jurisdiction, an unincorporated association adopts the citizenship of each of its members." *Sendon v. Torres*, No. 15-cv-04538 (NSR), 2016 WL 1746111 (S.D.N.Y. Apr. 28, 2016).

      Accordingly, it is hereby ORDERED that, on or before **August 12, 2025,** Plaintiff shall amend the Complaint to allege the citizenship of each constituent person or entity comprising WQIS.

If Plaintiff does not amend the Complaint to adequately allege the parties' citizenship by that date, the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

SO ORDERED.

Dated: August 5, 2025
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge